**IN THE COURT OF APPEALS OF IOWA**

No. 24-0690
Filed March 19, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTIAN DAVID VORLAND,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, DeDra
Schroeder, Judge.


        A defendant appeals his sentences for two counts of distributing drugs to a
minor within 1000 feet of a school, three counts of third-degree sexual abuse, and
one count of domestic abuse assault causing bodily injury or mental illness.
**AFFIRMED.**


        Nathan A. Olson of Branstad & Olson Law Office, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, for appellee.


        Considered by Greer, P.J., and Langholz and Sandy, JJ.

**LANGHOLZ, Judge.**

On multiple occasions over nearly a year, Christian Vorland raped his minor teenage daughter, gave her methamphetamine, and once physically assaulted her—all at his home within 1000 feet of school property. After pleading guilty to three counts of third-degree sexual abuse, two counts of distributing drugs to a minor within 1000 feet of a school, and one count of domestic abuse assault causing bodily injury or mental illness, Vorland asked the district court to impose suspended sentences. The district court disagreed and sentenced Vorland to consecutive sentences totaling eighty years in prison with a mandatory minimum of twenty years.[1] Vorland now appeals, again arguing that the court should have suspended his sentences. But we see no abuse of discretion in the district court's sentencing decision. And so, we affirm Vorland's sentences.

We review a district court's discretionary sentencing decisions, including its exercise of discretion whether to suspend a sentence, for an abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *Id.* And even when the court would have been justified in imposing the

---

[1] The district court imposed ten-year indeterminate prison sentences on Vorland's three convictions for third-degree sexual abuse in violation of Iowa Code sections 709.1, 709.4(1)(b)(2), and 709.4(2) (2022). It imposed twenty-five-year indeterminate prison sentences, each with a ten-year mandatory minimum sentence, on Vorland's two convictions for distributing drugs to a minor within 1000 feet of a school, in violation of Iowa Code section 124.406(1)(a). And it ordered all five of these sentences to be served consecutively. On the final conviction of domestic abuse assault causing bodily injury or mental illness, in violation of Iowa Code sections 708.1 and 708.2(2), the court imposed a thirty-day jail sentence to be served concurrently with the other sentences and with credit for time served.

sentence the defendant sought, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

Vorland argues that the district court "abused [its] discretion by not considering the least restrictive request for treatment and a No Contact Order and instead imposing the harshest consecutive 80-year sentence with a mandatory minimum of 20 years." He points out that he "conveyed apologies and desire to participate in treatment" at sentencing, he had a plan to live with his mother, and he just happened to be near school property and "did not seek out children." But the district court thoughtfully considered each of these points.

The court found his remorse mixed "because in one instance you seem to be saying, but, gosh, judge but for these drugs, I never would have done this, and on the other hand, you seem to be taking responsibility." And it reasoned that was "a little hard to swallow because you were able to maintain employment while under the influence." The court recognized that Vorland had a support system from his mother but concluded it was not "safe to leave you in the public" and that Vorland needs "something more than" probation because he had already "done some street-based rehabilitation services." And as for Vorland's attempt to minimize his conduct, the court reasoned:

> [T]hese offenses are horrible. I mean, you're supposed to protect your children, you're not supposed to abuse your children. I mean, children look at their parents for protection and guidance and love and you failed horribly. . . . I get that you were living abutted to a school, that you weren't wandering around the playground try[ing] to sell drugs to students, but it falls under the statute that you pled to, you were within a thousand feet of the school, you gave drugs to your child, you had sex with your child, and you assaulted her. What strikes me in this case are the many different dates that these things

occurred. I mean, this wasn't a, gosh, I went on a bender for a week and I really made some poor choices . . . . [T]his is a series of events that spanned over quite a large time where somehow you managed to maintain employment and, I don't know, carry on some daily living but yet do these horrible things on the side to your child, so I consider all of those factors.

Essentially, Vorland contends that the court should have weighed these and the other sentencing factors differently to conclude that a suspended sentence was appropriate. *See* Iowa Code § 901.5 (2022). But that is not the issue we decide on appeal. *See State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023) ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently."). Vorland fails to point to any unreasonable or untenable grounds. *See id.* And we see none in the district court's thorough explanation of its reasons for imposing its selected sentences rather than a suspended sentence. As the court summed up in explaining why it decided to impose the sentences consecutively:

> These are separate and distinct offenses. You gave methamphetamine to your daughter. You had sexual relations with your daughter. Somehow you could hold down a job and take medication, but you couldn't put the brakes on it at some point in this process and say this is absolutely one of the most wrong things a person can do. So those things all tell me that these need to be consecutive sentences. You can't be on the streets. It's not safe.

Because the district court did not abuse its discretion in exercising this sentencing judgment, we affirm Vorland's sentence.

**AFFIRMED.**